156

[921 NYS2d 541]

In the Matter of Maqsood H. Siddiqui, an Attorney, Resignor.

Second Department, April 26, 2011

**APPEARANCES OF COUNSEL**

*Maqsood H. Siddiqui*, Garden City, resignor pro se.

*Robert A. Green*, Hauppauge (*Nancy B. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Maqsood H. Siddiqui has submitted an affidavit dated September 21, 2010, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

Mr. Siddiqui avers that his resignation is made voluntarily, free from coercion and duress, and after review with counsel. He is fully aware of the implications of its submission.

Mr. Siddiqui acknowledges that he is the subject of a pending investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct concerning his unauthorized borrowing of money from an escrow account for personal purposes. The funds were subsequently restored to his client. In addition, Mr. Siddiqui submitted, under oath, that he issued checks from his IOLA account knowing that funds were not on deposit in the account to satisfy those checks upon presentment.

Mr. Siddiqui conceded his inability to defend himself on the merits against the charges, and is aware that the Court could require that he make restitution to any persons whose money or property was misappropriated or misapplied or that he reimburse the Lawyers' Fund for Client Protection for misappropriation or misapplication of money or property. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

In his testimony given under oath on April 22, 2010, Mr. Siddiqui admitted an unauthorized taking of client funds from his IOLA account as a loan, as well as other improprieties in the handling of his IOLA account.

The Grievance Committee supports acceptance of Mr. Siddiqui's resignation as the most expeditious way to conclude the matter in order to save the Court time and expense, while protecting the public.

Since the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, Mr. Siddiqui is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that the resignation of Maqsood H. Siddiqui is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Maqsood H. Siddiqui is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Maqsood H. Siddiqui shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Maqsood H. Siddiqui is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Maqsood H. Siddiqui has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the Mr. Siddiqui shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).